UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN R. HOOD, JR.,

       Plaintiff,                        Hon. Janet T. Neff

v.                                          Case No. 1:15-CV-1247

UNITED STATES POSTAL
SERVICE, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this matter on November 30, 2015, against the United States and the United States Postal Service. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this review, the undersigned recommends that Plaintiff's complaint be **dismissed**.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

A claim or action is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this context, frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

The present action concerns Plaintiff's termination of employment from the United States Postal Service in April 2004. Plaintiff has previously filed in this Court six actions concerning the termination of his employment with the Postal Service. *See Hood v. Brennan*, Case No. 1:14-cv-1104, Dkt. #25 (W.D. Mich.). Plaintiff's claims in all six of these previous actions were dismissed with prejudice by the Honorable Gordon J. Quist. *See Hood v. Brennan*, Case No. 1:14-cv-1104, Dkt. #25

(W.D. Mich.). The claims asserted in the present action were raised, or could have been raised, by Plaintiff in any one of his previous six lawsuits all of which were asserted against the United States Postal Service. Accordingly, the present action is barred by the doctrine of res judicata. *See, e.g., Young v. Township of Green Oak*, 471 F.3d 674, 680-81 (6th Cir. 2006). Thus, the present action fails to state a claim on which relief may be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Plaintiff's complaint fails to state a claim on which relief may be granted. Accordingly, the undersigned recommends that Plaintiff's complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 31, 2015  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge